FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

23 PM 3: 17

SO. DIST. OF GA.

# In the United States District Court
## For the Southern District of Georgia
### Brunswick Division

LINDA HENDERSON,             *
                             *
      Movant,          *          CIVIL ACTION NO.: 2:16-cv-86
                             *
  v.                       *
                             *
UNITED STATES OF AMERICA,    *          (Case No.: 2:14-cr-11)
                             *
      Respondent.      *

## O R D E R

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 8, to which Movant Linda Henderson ("Henderson") filed Objections, dkt. no. 14.

The Magistrate Judge correctly analyzed the claims Henderson set forth in her Section 2255 Motion, and the Court need not restate that analysis. However, in her Objections, Henderson raises arguments that she did not advance before the Magistrate Judge, and the Court will address those contentions. Henderson asserts she did not file an appeal of her conviction and sentence due to ineffective assistance of counsel. Id. at p. 2. Henderson also asserts she is entitled to the statute of limitations period of 28 U.S.C. § 2255(f)(3) based on the United

States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). In the alternative, Henderson mentions she is entitled to equitable tolling of the statute of limitations period. Id. Additionally, Henderson maintains she was erroneously assigned a two-point enhancement under the United States Sentencing Guidelines. Id. Henderson requests that the Court re-sentence her to time served based on the rehabilitative steps she has taken since the beginning of her incarceration. Id. at p. 5.

The Court addresses each of Henderson's Objections in turn.[1]

## BACKGROUND[2]

On March 3, 2014, a grand jury for this District charged Henderson in a two-defendant Indictment with: conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count One); possession with intent to distribute five grams or more of methamphetamine and the distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Two and Four); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). Crim.

---

[1] Henderson's Objections are not entirely clear, and she seems to conflate legal theories.

[2] In the "Background" Section of this Order, the Court references Henderson's criminal proceedings and designates those references with "Crim. Dkt. No." citations.

Dkt. No. 1. Henderson and her trial counsel were able to negotiate a plea agreement with the Government whereby Henderson agreed to plead guilty to the lesser included offense of Count One of the Indictment in exchange for the Government moving to dismiss the remaining counts. Crim. Dkt. No. 55. On June 12, 2014, Henderson appeared before the Court for a change of plea, or Rule 11, hearing. Crim. Dkt. No. 54.

Prior to Henderson's sentencing hearing, United States Probation Officer Scot Riggs prepared a Pre-Sentence Investigation report ("PSI"). Probation Officer Riggs detailed Henderson's offense conduct and criminal history and calculated Henderson's statutory penalties, as well as her advisory Guidelines range. Pertinently, when calculating Henderson's offense level, Probation Officer Riggs recommended a two-level enhancement under U.S.S.G § 2D1.1(b)(1) because Henderson possessed several firearms during the charged offense. PSI, ¶ 33. When describing Henderson's offense conduct, Probation Officer Riggs detailed her possession of firearms while dealing drugs, including her own admission that firearms were present during drug transactions with various individuals. Id. at ¶¶ 7, 11, 14, 19, 22, 25, & 30. Henderson's total offense level of 35, combined with a criminal history category of I, resulted in a recommended Guidelines sentencing range of 168 to 210 months. Id. at ¶ 70.

On December 1, 2014, Henderson appeared before the Court for a sentencing hearing. Crim. Dkt. No. 67. The Court concurred with and adopted the factual statements and conclusions in the PSI and found Henderson faced a Guidelines range of 168 to 210 months' imprisonment. Id. However, the Court granted the Government's motion for a downward departure pursuant to U.S.S.G. § 5K. Id. Thus, the Court sentenced Henderson to 132 months' imprisonment as to Count One. Crim. Dkt. No. 68. Pursuant to the plea agreement, the Court dismissed the remaining counts of the Indictment against Henderson. Id.

Henderson did not file a direct appeal of her sentence. However, on November 2, 2015, Henderson filed a motion to reduce her sentence due to retroactive changes to the Guidelines. Crim. Dkt. No. 75. The Court denied this motion, explaining that Henderson was sentenced based on the November 2014 version of the Guidelines, which already incorporated the amendments she relied upon in her motion. Crim. Dkt. No. 76.

Henderson then filed the instant Section 2255 Motion. Crim. Dkt. No. 78. Therein, Henderson argued the Court must revisit her sentence because the Supreme Court's decision in Johnson invalidated the two-level enhancement she received under Section 2D1.1(b)(1) of the Sentencing Guidelines for possessing firearms during the instant offense. Id. The Magistrate Judge

determined Henderson's Section 2255 Motion was filed untimely and, even if her Motion had been filed in a timely manner, Henderson failed to set forth a valid <u>Johnson</u> claim. Dkt. No. 89. Henderson filed Objections to this Report and Recommendation, to which the Court now turns.

## DISCUSSION

### I. Ineffective Assistance of Counsel Claim

Henderson did not aver in her original Motion that her counsel rendered ineffective assistance, and it was only in her Objections that she made such a claim. In her Section 2255 Motion, Henderson merely asserted that she was "told" she could not file an appeal because of the waiver provision contained in her plea agreement. Dkt. No. 1, p. 12. However, in her Objections, Henderson maintains her counsel rendered ineffective assistance by failing to inform her she could file an appeal, despite the presence of the appeal waiver in her plea agreement. Dkt. No. 14, p. 2.

#### A. Whether Henderson's Ineffective Assistance Claim is Time-Barred

As the Magistrate Judge recognized, Henderson's conviction became final on December 2, 2014, and she had until December 16, 2014, to file a notice of appeal. Dkt. No. 8, p. 5. Henderson did not file a notice of appeal, and accordingly, she had until December 16, 2015, to file a timely Section 2255 motion. <u>Id.</u>

(citing 28 U.S.C. § 2255(f)(1)).  Because Henderson did not

execute her Section 2255 Motion until June 14, 2016, her

original claims are barred by the limitations period of Section

2255(f)(1).[3]  Accordingly, Henderson's ineffective assistance

claim is likewise barred under Section 2255(f)(1).

The Court recognizes Henderson's assertion that she is

entitled to the limitations period of Section 2255(f)(3) based

on the Johnson decision.[4]  However, even if Henderson made

timely claims under Johnson, she could not use those claims to

open the door to other time-barred claims that do not rely upon

Johnson.  See Zack v. Tucker, 704 F.3d 917, 922-26 (11th Cir.

---

[3]  The limitation period of Section 2255 runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4]  The Court agrees with the Magistrate Judge's finding that Henderson does not argue she is entitled to the limitations periods set forth in Section 2255(f)(2) and (4).  Dkt. No. 8, p. 5.

2013) (habeas limitations periods apply on a claim-by-claim basis).

Instructively, in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), a Section 2255 movant challenged his sentence partly based on Johnson and partly on other grounds. The Eleventh Circuit found that, though the movant's Johnson claims were timely under Section 2255(f)(3), his claims based on principles and precedent other than Johnson were not. Beeman, 871 F.3d at 1220. Thus, the Court affirmed the dismissal of those claims. Id.

Likewise, regardless of the timeliness of Henderson's Johnson claims, this Court must dismiss her claim of ineffective assistance of counsel as being filed well outside the statute of limitations period. See Jones v. United States, No. 2:12-CR-9, 2018 WL 842172, at *4 (S.D. Ga. Feb. 12, 2018), report and recommendation adopted, 2018 WL 1527891 (S.D. Ga. Mar. 28, 2018) (dismissing ineffective assistance of counsel claims as untimely where movant had brought timely Johnson claims); Newell v. United States, No. 5:13-CR-9, 2018 WL 1146331, at *7 (S.D. Ga. Mar. 2, 2018), report and recommendation adopted, 2018 WL 1972489 (S.D. Ga. Apr. 26, 2018) (denying motion to amend non-Johnson claims due to untimeliness).

Indeed, Henderson's ineffective assistance of counsel claim is even more untimely than the claims she asserted in her

original Section 2255 Motion. Henderson did not specify her ineffective assistance of counsel claim until her Objections. She signed her Objections on April 27, 2018, more than three years and four months after her conviction became final. Dkt. No. 14, p. 6. These additional claims do not relate back to her original Section 2255 Motion.[5]

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).[6] In order to relate back, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Instead, in order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000). "The critical issue in Rule 15(c) determinations is

---

[5] To be clear, even if Henderson's ineffective assistance of counsel claim related back to Henderson's Section 2255 Motion, it is still untimely, as Henderson did not file her Section 2255 Motion until approximately one year and six months after her conviction became final.

[6] Rule 15(c) of the Federal Rules of Civil Procedure governs here, even though Henderson's Objection is not a motion, as Rule 15 is applicable to Section 2255 motions. Mayle v. Felix, 545 U.S. 644 (2005).

whether the original complaint gave notice to the defendant of the claim now being asserted." <u>Moore v. Baker</u>, 989 F.2d 1129, 1131 (11th Cir. 1993). "[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." <u>Dean v. United States</u>, 278 F.3d 1218, 1221 (11th Cir. 2002).

Henderson's proposed claim of ineffective assistance of counsel does not arise out of the same conduct, transaction, or occurrence as her <u>Johnson</u> claim. Henderson's <u>Johnson</u> claim centers on the calculation of her sentencing range under the United States Sentencing Guidelines. In contrast, her ineffective assistance of counsel claim centers on whether her trial counsel was ineffective for failing to properly advise her regarding her right to an appeal. The Government was not noticed of this new claim through Henderson's original Section 2255 Motion. In the Section 2255 context, even when faced with claims that have more connection than Henderson's, the Eleventh Circuit has repeatedly found that new claims do not relate back to the original motion. <u>See, e.g.</u>, <u>Farris v. United States</u>, 333 F.3d 1211, 1215 (11th Cir. 2003) (new claims that a prior conviction was constitutionally invalid and the quantity of drugs was improperly calculated did not relate back to original claims concerning interpretation of the Sentencing Guidelines

and that counsel was ineffective for failing to advise defendant of his sentencing exposure as a career offender); Pruitt v. United States, 274 F.3d 1315, 1316-19 (11th Cir. 2001) (new claims of ineffective assistance of counsel, abuse of discretion by the district court, and prosecutorial misconduct did not relate back to original claims that the sentence violated the *ex post facto* clause); Davenport, 217 F.3d at 1346 (new claims that counsel was ineffective for allowing defendant to be sentenced on drugs that were not part of same course of conduct, for relying on summary lab report, and for failing to advise that a plea agreement might be possible did not relate back to original claims that counsel was ineffective for failing to raise arguments regarding drug composition and weight or claims that government witness committed perjury).

For all of these reasons, Henderson's claim that her counsel rendered ineffective assistance of counsel is time-barred.

**B. The Relative Merits of Henderson's Ineffective Assistance Claim**

Even if Henderson's ineffective assistance of counsel claim were not time-barred, she is not entitled to her requested relief on this basis. Criminal defendants have a right to effective assistance of counsel at all critical stages of the proceedings. Strickland v. Washington, 466 U.S. 668 (1984).

This right extends to the entry of a guilty plea, Hill v. Lockhart, 474 U.S. 52, 58 (1985), and during sentencing proceedings, Glover v. United States, 531 U.S. 198, 202 (2001).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 466 U.S. at 668. A convicted defendant must meet two components to establish that counsel's assistance was so defective as to require reversal of a conviction or sentence: (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685-86. "If a petitioner cannot satisfy one prong, we need not review the other prong." Duhart v. United States, 556 F. App'x 897, 898 (11th Cir. 2014) (per curiam). Thus, if a defendant cannot show prejudice, the Court need not determine whether a defendant's allegations show his counsel's performance fell below an objective standard of reasonableness.

The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States,

404 F. App'x 336, 337 (11th Cir. 2010) (per curiam) (citing Strickland, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (second alteration in original)). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. Further, retrospective judicial scrutiny of counsel's performance "must be highly deferential" and must "eliminate the distorting effects of hindsight." Id. at 689. "In evaluating performance, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" LeCroy, 739 F.3d at 1312 (quoting Strickland, 466 U.S. at 690).

Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. Strickland, 466 U.S. at 691-92. "Showing prejudice requires petitioner to establish a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." LeCroy, 739 F.3d at 1312 (citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312-13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). A reasonable probability of a different result "is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A movant is not entitled to habeas relief "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). "The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (citing San Martin v. McNeil, 633 F.3d 1257, 1271 (11th Cir. 2011)). For a movant proceeding pro se, the court will liberally construe the pleading, but he "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

Further, "[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "Even assuming that a rational defendant would not have wanted to appeal the case, [where a defendant] expressly communicated to his attorney his desire to appeal . . .[,] Flores-Ortega mandates that the attorney conduct a specific type of consultation, informing his client about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005).

It is well-settled that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. Flores-Ortega, 528 U.S. at 470, 483-86; Gaston v. United States, 237 F. App'x 495 (11th Cir. 2007) (per curiam). A defendant claiming ineffective assistance on that score need not demonstrate an ability to raise meritorious issues on appeal. Flores-Ortega, 528 U.S. at 477-78. Instead, he can prove ineffective assistance by showing a "reasonable probability" that he would have timely appealed had counsel not failed to file an appeal on his behalf. Id. at 484. Further, even where a defendant has signed a waiver of direct appeal as

part of his plea agreement (as Henderson did in this case), he has no burden to show that the issue he would have raised on appeal falls outside of that waiver.  Gaston, 237 F. App'x at 497; Gomez-Diaz, 433 F.3d at 793.

Accepting as true Henderson's contentions that she wanted to file a notice of appeal and her attorney failed to do so, Henderson cannot meet Strickland's cause and prejudice standard. First, Henderson simply states in conclusory fashion that her attorney rendered ineffective assistance by failing to file a notice of appeal on her behalf.  Second, even if Henderson had provided more than a single, conclusory statement regarding the filing of an appeal, she fails to assert she "expressly communicated" with her attorney a desire to pursue an appeal. In other words, Henderson does not allege she ever told her attorney that she wished to file an appeal.  Third, Henderson has not demonstrated that there is a "reasonable probability" she would have filed a timely appeal had her counsel not failed to do so on Henderson's behalf.  Flores-Ortega, 528 U.S. at 480, 484.  As a result, Henderson's ineffective assistance Objection is without merit.

## II.  Applicability of Johnson

Henderson makes assertions in her Objections which she attempts to link to the Johnson decision: (1) she is entitled to the limitations period of Section 2255(f)(3) because Johnson is

retroactively applicable to cases on collateral review and was previously unavailable to her; and (2) the Supreme Court determined the residual clause found in 18 U.S.C. § 16(b) is unconstitutional, and thus, her Guidelines enhancement is now invalidated. Dkt. No. 14, pp. 2-3.

### A. Whether Henderson is Entitled to Section 2255(f)(3)'s Limitations Period

Henderson continues to argue in her Objections that she is entitled to the limitations period of Section 2255(f)(3), as she asserts claims based on Johnson.[7] As the Magistrate Judge correctly determined, Johnson announced a new decision that applies retroactively to cases on collateral review. Dkt. No. 8, pp. 5-6 (citing Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1265 (2016)). Thus, Henderson's Johnson-based claims are timely under Section 2255(f)(3)'s limitations period. Nonetheless, Henderson fails to set forth a valid Johnson-based claim, as set forth below and in the Magistrate Judge's Report and Recommendation. Dkt. No. 8, pp. 6-9. Moreover, as discussed above, the timeliness of Henderson's claims must be assessed claim-by-claim. Zack, 704 F.3d at 922-26. Thus, Henderson cannot use her timely Johnson claims to excuse the untimeliness of her claims that do not rely upon Johnson.

---

[7] Henderson also conclusively mentions "equitable tolling" in her Objections without any accompanying explanation, just as she did in her original Motion. Dkt. No. 14, p. 2; see Dkt. No. 8, p. 5 n.3.

Beeman, 871 F.3d at 1220.  Consequently, Henderson's non-<u>Johnson</u> related claims are time-barred.

## B.   **Whether Henderson's Guidelines Enhancement is Invalid**

According to Henderson, <u>Johnson</u> invalidates the two-point enhancement she received for possession of a firearm during the commission of her underlying offense.  Dkt. No. 14, p. 2. Additionally, Henderson asserts that, despite her plea agreement's provision that any information she provided would not be used against her, the Probation Officer used that information against her.  Henderson maintains the Government "allowed" the Probation Officer to use this information against her, which resulted in her two-point enhancement for the use of a firearm.  <u>Id.</u>  Further, Henderson contends <u>Johnson</u> applies to her enhancement because the Government relied upon the residual clause language of "conduct that presents a serious <u>potential risk</u> of physical injury to another."  <u>Id.</u>  Henderson alleges the striking of the residual clause of 18 U.S.C. § 16(b) in <u>Sessions v. Dimaya</u>, 584 U.S. ___, 138 S. Ct. 1204 (2018), is significant because the wording of that residual clause is "quite similar[]" to the residual clause <u>Johnson</u> invalidated.  <u>Id.</u> at p. 3.

### 1.   **Guidelines Enhancement**

The Court need not wade too deeply into these waters, as the Magistrate Judge thoroughly discussed <u>Johnson</u>'s inapplicability to Henderson's firearms enhancement.  Dkt. No.

8, pp. 6-9.  Nevertheless, as a point of emphasis, Henderson

received a two-point enhancement for possession of a firearm

under U.S.S.G. § 2D1.1(b)(1).  PSI, ¶ 33.  In Johnson, the

Supreme Court struck a statutory provision as vague but has

since declined to extrapolate that reasoning to strike the

residual clause of the career offender provision found in the

Sentencing Guidelines, despite that provision being identical to

the language struck in Johnson.  Beckles v. United States, 580

U.S. ___, 137 S. Ct. 894 (2017).  The provision by which

Henderson received her enhancement is not related to the career

offender provision of the Guidelines.  Even if Section

2D1.1(b)(1) were related to the career offender provision,

Johnson would not provide Henderson with her requested relief.

Id.

> **2.  Whether the Probation Officer "Used Information Against" Henderson**

Henderson contends the Probation Officer used information

against her that he should not have and the Government "allowed"

this to occur.  Henderson's plea agreement contains this

provision: "The government is free to provide full and accurate

information to the Court and U.S. Probation Office for use in

calculating the applicable Sentencing Guidelines range.  Any

incriminating information provided by the defendant during [her]

cooperation will not be used in determining the applicable

Guidelines range, pursuant to U.S.S.G. § 1B1.8." Plea
Agreement, United States v. Henderson, (S.D. Ga. June 12, 2014),
ECF No. 55, p. 4. Section 1B1.8 prevents the Government from
using self-incriminating evidence against a defendant who is
cooperating with the Government by providing information against
*others*. In contrast, Section 1B1.3 generally allows for the use
of "relevant conduct" to determine the offender's Guidelines
range, including "specific offense characteristics." U.S.S.G.
§ 1B1.3.

Here, Henderson was attributed a two-point enhancement
under Section 2D1.1(b)(1) as "specific offense characteristics"
for her possession of "several firearms during the instant
offense." PSI, ¶ 33. However, Henderson received no
enhancement based on her agreement to cooperate with the
Government by providing information of others' criminal
activities. The Government "agreed that self-incriminating
information provided . . . will not be used against the
defendant." Id. at ¶ 42 (under Section entitled "Information
Covered by USSG § 1B1.8"). The Probation Officer used all
information relevant to Henderson's offenses to calculate her
recommended Guidelines range, and her contention to the contrary
is without merit.

### 3. Inapplicability of Sessions v. Dimaya

Henderson argues that the decision in Dimaya somehow entitles her to relief. Henderson is incorrect.

In Dimaya, the Supreme Court determined the "residual clause" of 18 U.S.C. § 16(b), as incorporated by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), was void for vagueness and a violation of the Constitution's guarantee of due process. 584 U.S. at ___, 138 S. Ct. at 1210-11. The residual clause of 18 U.S.C. § 16 defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Supreme Court held the residual clause of Section 16(b) failed for the same reasons the residual clause of the ACCA failed in Johnson. Id., 584 U.S. at ___, 138 S. Ct. at 1223.

As an initial matter, Dimaya has not been "made retroactively applicable to cases on collateral review," which would allow Henderson to bring her Section 2255 Motion outside the one-year statute of limitations found in 28 U.S.C. § 2255(f)(3). Thus, Dimaya provides no timeliness avenue for Henderson to file her Section 2255 Motion.

Furthermore, to the extent Henderson challenges her sentence through Dimaya based on her being indicted under 18

U.S.C. § 924(c), any such challenge fails. Henderson was charged with possessing firearms in the furtherance of drug trafficking offenses. Indictment, <u>United States v. Henderson</u>, (S.D. Ga. Apr. 3, 2014), ECF No. 1, p. 3. Thus, any residual clause of Section 924(c)(3)(B) is entirely irrelevant to Henderson's charged offenses or sentence. Neither <u>Dimaya</u> nor <u>Johnson</u> calls into question the validity of convictions for possession of firearms in the furtherance of drug trafficking crimes. <u>Russaw v. United States</u>, Case No.: 2:16-cv-08146-RDP, 2018 WL 2337301, at *5 (N.D. Ala. May 23, 2018) (finding that <u>Johnson</u> and <u>Dimaya</u> have no effect on the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2), "which outlines specific offenses subject to classification as drug trafficking crimes and contains no language analogous to the residual clause in § 924(e)(2)(B)[]" and denying relief to a movant convicted of possessing a firearm during and in relation to a drug trafficking crime on these bases (citing 18 U.S.C. § 924(c)(2); <u>In re Baptiste</u>, 828 F.3d 1337, 1338, 1341 (11th Cir. 2016))).

In sum, <u>Dimaya</u> provides no relief to Henderson, either for statute of limitations purposes or relating to the relative merits of her Objection.

## III. Henderson's Rehabilitation Efforts

Finally, Henderson avers she is enrolled in several classes that are Bureau of Prisons("BOP")-approved and is in the process

AO 72A
(Rev. 8/82)

of completing an apprenticeship. Dkt. No. 14, p. 5. Henderson contends her "enthusiastic willingness" for participation in post-conviction rehabilitation measures "will help her present state" and "in her return to society." Id. at p. 4. Henderson maintains she is eligible to be re-sentenced to time served. Id. at p. 5.

Henderson faced a Guidelines range of 168 to 210 months' imprisonment. After the Government moved for downward departure, the Court sentenced Henderson to 132 months' imprisonment based on the evidence before it at the time of Henderson's sentencing. J., United States v. Henderson, (S.D. Ga. Dec. 2, 2014), ECF No. 68; see also, Mot. & Order, United States v. Henderson, (S.D. Ga. Nov. 25 and 26, 2014), ECF Nos. 64, 65. While Henderson's post-conviction rehabilitation efforts are laudable, she provides no reason for this Court to re-sentence her, especially to "time served," under the advisory Sentencing Guidelines or 18 U.S.C. § 3553. United States v. Santos, 476 F. App'x 694, 695 (11th Cir. 2012) (per curiam) (recognizing that the Supreme Court's decision in Pepper v. United States, 562 U.S. 476 (2011), allows a sentencing court to consider evidence of post-sentence rehabilitation to warrant a downward departure during re-sentencing when the defendant's sentence was set aside on appeal and that the district court is not required to grant a downward departure in light of evidence

of rehabilitation).  Accordingly, Henderson's Objection is without merit.

### CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Henderson's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court.  The Court **DISMISSES** Henderson's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct her Sentence as untimely filed.  In the alternative, the Court **DENIES** Henderson's Section 2255 Motion on the merits.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal.  The Court **DENIES** Henderson *in forma pauperis* status on appeal and a Certificate of Appealability.

**SO ORDERED**, this ____ 23 ____ day of ____ July ____, 2018.


_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)